McKAY, C.J.,
dissents.
|¶1 respectfully dissent from the majority opinion. I would reverse the judgment of the trial court and remand this case for further proceedings.
Under Louisiana Code of Evidence Article 103, error may not be predicated upon a ruling which excludes evidence unless (1) a substantial right of a party is affected, and (2) the substance of the evidence was made known to the court by counsel. Although evidence of subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event under La.Code Evid. Art. 407, the article *967 does not require the exclusion of evidence of subsequent measures when offered for the purpose of proving “ownership, authority, knowledge, control, or feasibility of precautionary measures,” or for attacking credibility.
In the instant case, we are dealing with a woman (Mrs. Tilden) who fell on the floor at a restaurant. What caused her to fall? The plaintiffs had three witnesses who would have testified that rugs were placed on the floor after Mrs. Tilden fell. However, the trial court excluded their testimony, but allowed the owner of the restaurant to testify concerning the condition of the floor. Thus, the trial court’s exclusion of evidence of subsequent remedial measures to impeach Mr. Andrade prevented the jury from weighing that evidence when it decided the |2cause of Mrs. Tilden’s fall. Accordingly, this exclusion of evidence affected the substantial rights of the plaintiffs.